IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENE THROWER,**

      **Plaintiff,**

v.                                         Civil Action 2:25-cv-957
                                          Judge Michael H. Watson
                                          Magistrate Judge Elizabeth P. Deavers

**COLUMBUS CAR AUDIO &
ACCESSORIES, INC.,**

      **Defendant.**

## PRELIMINARY PRETRIAL ORDER

Based upon the parties' Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Court **ADOPTS** the following schedule:

INITIAL DISCLOSURES

Any initial disclosures shall be made by **NOVEMBER 4, 2025**.

VENUE AND JURISDICTION

There are no issues related to venue or jurisdiction.

PARTIES AND PLEADINGS

Any motion to amend the pleadings or to join additional parties shall be filed by **DECEMBER 12, 2025**. If the case is a class action, the parties agree that the motion for class certification shall be filed by **JULY 5, 2026**.

ISSUES

The Plaintiff has alleged that the Defendant has sent telemarketing text messages to individuals who have no relationship with the Defendant. The Plaintiff further alleged that Defendant delivered text messages to telephone number to telephone number (614) 900-XXXX in 2025, including at least on July 25, August 1, 8, and 13, 2025. Based on those allegations, Plaintiff makes a claim for a violation of the Telephone Consumer Protection Act ("TCPA"). Due to the alleged en masse nature of the campaign, the Plaintiff is pursuing this matter on behalf of the following putative class:

> All persons throughout the United States (1) who did not provide their telephone number to Columbus Car Audio & Accessories, Inc., (2) to whom Columbus Car Audio & Accessories, Inc. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Columbus Car Audio & Accessories, Inc. goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Columbus Car Audio & Accessories, Inc. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12- month period, (4) within four years preceding the date of this complaint and through the date of class certification.

Defendant asserts that it had consent to text this telephone number, denies any violations of the TCPA, and denies that this matter is appropriate for class treatment. There is a jury demand.

DISCOVERY PROCEDURES

All discovery shall be completed by **JUNE 28, 2026**. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so*. **If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.***

The parties agree to the PDF production of most documents in the case, but any calling data shall be produced in its native form.

Any proposed protective order or clawback agreement shall be filed with the Court by **NOVEMBER 14, 2025**. A Word version of the proposed protective order should be sent to deavers_chambers@ohsd.uscourts.gov, for the Undersigned's signature. Any provision related to sealing must comply with S.D. Ohio Civ. R. 5.2.1. Form protective orders are available on the Court's website.

DISPOSITIVE MOTIONS

Any dispositive motion shall be filed by **FEBRUARY 27, 2026**.

EXPERT TESTIMONY

Primary expert reports must be produced by **APRIL 5, 2026**. Rebuttal expert reports must be produced by **MAY 5, 2026**. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Pursuant to Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff shall make a settlement demand by **APRIL 6, 2026**. Defendants shall respond by **MAY 6, 2025**.  The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **JUNE 2026**.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

OTHER MATTERS

None.

If the foregoing does not accurately record the matters considered and the agreements reached at the conference, counsel will please immediately make their objection in writing.  If any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day.

**IT IS SO ORDERED.**


**Date:  October 28, 2025**              */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**